Rebekah C. Millard, OSB No. 121199
rmillard@freedomfoundation.com
James G. Abernathy, OSB No. 161867
jabernathy@freedomfoundation.com
PO Box 552
Olympia, WA  98507
Tel: 360.956.3482

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **TOREY JARRETT,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**MARION COUNTY**, a political subdivision of the State of Oregon; **SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 503**, a labor organization; and **MARION COUNTY EMPLOYEES ASSOCIATION LOCAL 294**, a labor organization,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**Violation of Civil Rights under 42 U.S.C. § 1983, Common Law Fraud; Wage Claim**<br><br>**Demand for Jury Trial** |

## INTRODUCTION

1.      Marion County has withheld a percentage of Plaintiff Torey Jarrett's wages and, without her consent, has passed the money on to a private organization engaged in political speech, Service Employees International Union Local 503 ("SEIU"). Plaintiff began her employment as a

**PAGE 1 – COMPLAINT**

care coordinator for Marion County in October 2017. At or near that time, Marion County began seizing a percentage of Plaintiff's wages for SEIU, even though Ms. Jarrett never agreed to become a member of SEIU and did not consent to Marion County's seizure of her wages.

2.  Plaintiff brings this lawsuit for violation of her First and Fourteenth Amendment rights, and for violation of her rights under Oregon law. She seeks declaratory and injunctive relief against Defendant Marion County. Against Defendant SEIU, Plaintiff seeks declaratory and injunctive relief, nominal and compensatory damages, attorney fees, and any other relief the Court may deem just and proper.

## JURISDICTION AND VENUE

3.  This action arises under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to the Plaintiff and by the Constitution of the United States, particularly the First and Fourteenth Amendments.

4.  The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

5.  This action is an actual controversy in which Plaintiff seeks a declaration of her rights under the Constitution of the United States. Pursuant to 28 U.S.C. §§ 2201-2202, this Court may declare the rights of Plaintiff and grant further necessary and proper relief based thereon, including injunctive relief pursuant to Federal Rule of Civil Procedure 65.

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims arise in this judicial district and Defendants operate and do business in this judicial district.

7.  Because a substantial part of the events giving rise to the claims occurred in counties covered by the Eugene Division, assignment to that Division is proper. L.R. 3-2.

## PARTIES

8. Plaintiff Torey Jarrett resides in Marion County, Oregon, and is employed by Marion County as a care coordinator. She is represented by a local affiliate of SEIU, Marion County Employees Association (also known as Oregon Public Employees Union Local 294)

9. Defendant SEIU is the exclusive bargaining representative for Plaintiff's bargaining unit, including Plaintiff, pursuant to Oregon law. The applicable collective bargaining agreement ("CBA") requires Marion County to deduct payments for SEIU and its affiliates from the wages of public employees on the instructions of SEIU.[1] SEIU's office is located at 1730 Commercial St. SE, Salem, OR 97302.

10. Defendant Marion County, whose office is located at 555 Court Street Northeast, Suite 5232, Salem, Oregon 97301, is a political subdivision in the State of Oregon. Marion County is responsible for deducting dues or fees from Plaintiff's wages and remitting the dues to SEIU, pursuant to the CBA.[2]

## FACTUAL ALLEGATIONS

11. Prior to June 2018, public employers such as Marion County, could compel employees to pay money to a labor union through forced fees. In *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018), the Supreme Court held it unconstitutional for public-sector unions and employers to seize money from public employees' wages without clear and compelling evidence of their affirmative consent in the form of a waiver First Amendment rights.

---

[1] 2016-2020 SEIU 503 Collective Bargaining Agreement with Marion County. Available at: http://seiu503.org/wp-content/uploads/2017/09/MCEA-Contract-2016-2018-Final.pdf.
[2] 2016-2020 SEIU 503 Collective Bargaining Agreement, Article 3, Sections 4-8 – Dues Deduction.

PAGE 3 – COMPLAINT

12. According to information and belief, representatives of SEIU came to Ms. Jarrett's home on or near Sunday, March 4, 2018.

13. Ms. Jarrett, and her husband, who was also present, engaged in a conversation with the representatives. The representatives left some literature for Ms. Jarrett to review.

14. Ms. Jarrett did not sign a membership agreement during this interaction, or at any other time.

15. According to information and belief, at or near March 4, 2018, SEIU identified Ms. Jarrett as a member and Marion County began seizing a portion of Ms. Jarrett's wages and transferring it to SEIU.

16. In early 2020, Ms. Jarrett began questioning whether she was or should be a member of SEIU. She spoke with a union representative about these matters, and also asked her payroll department.

17. On March 10th, 2020, Ms. Jarrett sent a letter to SEIU in which she objected to union membership and the payment of any union dues or fees.

18. To her surprise, SEIU's letter in response indicated that, while she could resign membership, SEIU would instruct Marion County to continue seizing union dues from Ms. Jarret's paychecks until January 2021, pursuant to a membership card she allegedly signed Sunday, March 4, 2018.

19. SEIU included a copy of a membership card she allegedly signed.

20. Ms. Jarrett had not signed this card.

21. Ms. Jarrett sought legal counsel, and her attorney sent SEIU a letter notifying them of the forgery, asking for an explanation, and demanding full reimbursement of the monies seized from Ms. Jarrett's wages.

22. SEIU indicated that it would instruct Marion County to stop seizing dues from Ms. Jarrett's wages after SEIU received the letter from Ms. Jarrett's counsel.

23. SEIU did not offer any explanation for the unauthorized deduction of dues, and did not reimburse the money wrongfully taken from Ms. Jarrett.

24. Defendant Marion County maintains and enforces policies, procedures and requirements under which they seize employee wages upon instructions from SEIU.

25. Marion County's blind reliance on SEIU, a financially interested party, to provide instructions regarding dues deduction, and their unquestioning reliance on SEIU's representations of authorization, violates Plaintiff's rights to due process of law under the First and Fourteenth Amendment.

26. Pursuant to state law[3] and the applicable CBA, SEIU jointly acts with Marion County to unreasonably restrict employees' First Amendment right not to pay moneys to a union without clear and compelling evidence of employees' affirmative consent.

27. Even if Ms. Jarrett had signed her purported "membership agreement," (which she did not) SEIU Local 503's membership and checkoff authorization form did not include any information that would have informed her: (1) that she has a First Amendment right not to subsidize the union and its speech; and (2) that, by signing the card, she was waiving her First Amendment right not to subsidize the union and its speech, and that, if she signed, she will be restricted in the exercise of her First Amendment right until the window period stated in the form.

28. Neither Oregon law nor the applicable CBA establishes any procedures that provide notice or opportunity to object to Ms. Jarrett before Marion County seizes her wages.

---

[3] ORS §243.806 came into effect January 1, 2020. Its predecessors in authorizing dues withholdings were ORS §§ 243.776 and 292.055(3).

PAGE 5 – COMPLAINT

## CAUSES OF ACTION

29. Plaintiff re-alleges and incorporates by reference the paragraphs set forth above in each count of this Complaint.

30. Marion County and SEIU acted jointly under color of state law (ORS §243.806 (2020), ORS 243.776, ORS 292.055(3) (2017)) and the CBA when Marion County seized union dues from Ms. Jarrett's wages.

31. The Supreme Court in *Janus* held that "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such payment, unless the employee affirmatively consents to pay." 138 S. Ct. 2448, 2486 (2018).

32. Ms. Jarrett never consented to become a union member or to pay union dues; nor did she ever waive any rights.

33. SEIU has not refunded Ms. Jarret the moneys they wrongfully deducted from her wages.

## COUNT I
### Violation of the First Amendment (42 U.S.C. § 1983)
### (By Plaintiff Against all Defendants)

34. Defendants' dues deduction scheme pursuant to their respective CBAs and Oregon law, both on its face and as applied, violates Plaintiff's First Amendment rights, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983: (a) not to associate with a mandatory representative; (b) not to support, financially or otherwise, speech with which she disagrees.

35. Defendants' use and enforcement of its membership and dues deduction policies to collect union dues from the wages of Plaintiff, pursuant Oregon law, without affirmative consent

in the form of a waiver of First Amendment rights violates Plaintiff's right to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

36. Defendants' policies and practices are not narrowly tailored to serve a compelling state interest.

37. The Defendants' deduction scheme is significantly broader than necessary to serve any possible alleged government interest.

38. Plaintiff has suffered the irreparable harm and injury inherent in a violation of First Amendment rights, for which there is no adequate remedy at law, as well as monetary damages, as a result of being subjected to Defendants' membership and dues deduction policies.

## COUNT II
### Violation of Due Process under the Fourteenth Amendment (42 U.S.C. § 1983)
### (By Plaintiff Against all Defendants)

39. Plaintiff incorporates by reference and re-alleges herein all Paragraphs above.

40. Because it lacks the necessary procedural safeguards to protect Plaintiff's constitutional rights, Defendants' dues deduction scheme, on its face and as applied, violates Plaintiff's Fourteenth Amendment right to Due Process under 42 U.S.C. § 1983.

41. Plaintiff has a liberty interest in her lawfully earned wages. This interest is violated by Defendants' dues deduction scheme since it lacks even minimal necessary procedural safeguards to protect Plaintiff's rights.

42. Defendants scheme for seizure of dues includes no procedural protections such as would provide Plaintiff with notice, a hearing or other opportunity to object.

43. The Defendants' deduction scheme violates the Fourteenth Amendment for reasons including, but not limited to, the fact that it is controlled entirely by the Union, a financially

interested party; and that Marion County took no reasonable steps to protect employee rights either through verification of the requisite informed consent or through other reasonable means.

## COUNT III
### Common Law Fraud
### (By Plaintiff Against Defendant SEIU)

44. SEIU, by and through its agents or representatives, made a false and material misrepresentation of fact to Ms. Jarrett and to Marion County.

45. According to information and belief, this misrepresentation was made by a representative of SEIU 503, and was made on or near March 4, 2018.

46. Because Ms. Jarrett never signed a union membership card, she is not and has never been a member of SEIU.

47. This misrepresentation was of a material fact (union membership) and resulted directly in Marion County collecting money from Ms. Jarrett's paychecks and transferring it to SEIU to the loss and detriment of Ms. Jarrett.

48. Ms. Jarrett had no knowledge her rights with regard to union membership or non-membership at the time these deductions began, and actually and reasonably relied on the Defendants' actions in treating her as a union member and deducting dues from her paychecks.

49. According to information and belief, Marion County put SEIU in complete control over the process of union membership. The Union had access to information regarding union membership, and knowledge of who had, and who had not, signed union membership cards.

50. Intentionally, or with reckless disregard for its truth or falsity, SEIU propounded a union membership card with a false signature, claiming it was signed by Ms. Jarrett.

51. SEIU continued to propound the false claim that Ms. Jarrett had signed a

membership card, even when presented with evidence of its falsity.

52. In falsely claiming that Ms. Jarrett was a union member and had signed a membership card, SEIU intended that the State take Ms. Jarrett's money and transfer it to SEIU, which in fact occurred.

53. SEIU's actions actually and proximately caused Ms. Jarrett to suffer both significant financial loss and significant emotional distress.

## COUNT IV
### Violation of Or. Rev. Stat. § 652.615
### (By Plaintiff Against Marion County)

54. Marion County, by and through her agents, deducted a portion of Ms. Jarrett's wages in violation of ORS § 652.610.

55. As an employee of Marion County, Ms. Jarrett was entitled to wages for her labor that are paid by Marion County.

56. Marion County has deducted union dues have been deducted from Jarrett's paychecks. These deductions were collected for the purpose of membership dues to be paid to SEIU.

57. Because Ms. Jarrett has never signed a union membership card, she is not and has never been a member of SEIU. Because of this, the deduction was not authorized by Ms. Jarret or the collective bargaining agreement between SEIU and Marion County pursuant to ORS § 652.610 (3)(b) or (c).

58. These unauthorized deductions resulted directly in Marion County collecting money from Jarrett's paychecks and transferring it to SEIU to the loss and detriment of Ms. Jarrett.

59. Marion County's actions actually and proximately caused Ms. Jarrett to suffer both significant financial loss and significant emotional distress.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that this Court:

A. Issue a declaratory judgment that Defendants' actions in seizing Plaintiff's wages without her valid authorization violate the First Amendment, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983;

B. Issue a declaratory judgment that Marion County's seizure of monies from Plaintiff's wages without clear and compelling evidence that she waived her First Amendment rights, and without evidence of any procedural safeguards for her rights, violates both the First and Fourteenth Amendments and is illegal and unconstitutional;

C. Permanently enjoin Defendants along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from maintaining and enforcing any of the policies, provisions, or actions declared unconstitutional or illegal including the deduction of union dues or fees from Plaintiff's wages;

D. Enter a judgment requiring Marion County to implement a process that will adequately ensure and confirm employees' consent prior to the deduction of dues from paychecks;

E. Enter a judgment against SEIU awarding Plaintiff nominal and compensatory damages for violation of her constitutional rights, including but not limited to all dues, fees or other assessments taken from Plaintiff's wages, to the extent permitted by the relevant statute of limitations, together with any interest accumulated on such sum;

F. Award Plaintiff punitive damages against SEIU for the fraudulent acts of SEIU;

G. Award Plaintiff actual damages or $200, whichever is greater, against the Department due for wrongfully deducted wages pursuant to ORS § 652.615;

      H.      Award Plaintiff her costs and reasonable attorneys' fees pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988 and ORS § 652.615; and

      I.      Grant other and additional relief as the Court may deem just and proper.

Date: June 30, 2020

                    FREEDOM FOUNDATION

                By:    *s/Rebekah Millard*
                         Rebekah C. Millard, OSB No. 121199
                         rmillard@freedomfoundation.com

                         James G. Abernathy, OSB No. 161867
                         jabernathy@freedomfoundation.com
                         Freedom Foundation
                         PO Box 552
                         Olympia, WA  98507
                         Tel: 360.956.3482

                         *Attorneys for the Plaintiff*